## W. D. SIMS v. THE STATE.

### No. 2496. Decided June 4, 1913.

**1.—Hunting with Firearms—Enclosed Lands of Another—Mistake of Fact.**

Where, upon trial of hunting with firearms on the enclosed lands of another without the consent of the alleged owner, the evidence showed on part of the defendant that he entered upon said land believing that it belonged to another party than the one alleged in the indictment, the court should have submitted this issue to the jury.

**2.—Same—Query—Insufficiency of the Evidence.**

See opinion questioning that where quail flew up out of a lane and went into the premises of another, where appellant went and fired one shot, killing three, was a violation of the statute.

Appeal from the County Court of Scurry. Tried below before the Hon. C. R. Buchanan.

Appeal from a conviction of unlawfully hunting with firearms on the enclosed lands of another; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for hunting with firearms on enclosed lands of another without the consent of the alleged owner. The facts in brief show on the 6th day of December, 1912, the alleged owner, Kimbrough, saw somebody shoot on his enclosure about 300 or 400 yards distant from the public road. This, Kimbrough says, was in his pasture. When he reached the party it proved to be defendant. The defendant had a gun and two or three birds in his hand. Quoting from Kimbrough's testimony: "I said to him, did you not know that I did not allow this hunting on my place, and defendant said, 'No, sir; I saw the birds in the lane and they flew over the fence and I came in and shot them.'" He says, "I told the defendant I was going to prosecute him, and he offered to give me the birds and offered to pay me for the birds, but I did not take them." He says, "Yes, I allowed some boys to hunt rabbits on my land but do not allow

any birds killed at all." He also testified the defendant told him that he did not know it was his land, and he did not prosecute the boys for hunting rabbits on his land for he had given them his consent. Weeks testified for the State, and says he saw defendant on Kimbrough's land, and he says he only shot once, "and when I got close to him I told him he had better not let the old man, meaning O. L. Kimbrough, see him in here, and he said he thought that this was Ben Davis' land. I told him whose it was and he said he thought the pasture was Ben Davis'." Weeks says he was a son-in-law of the alleged owner. He saw defendant get two or three birds, but only shot one time. Boles testified he was sheriff of the county, and had been for six years, serving his fourth term; that he had traveled over different parts of the county frequently, and saw a plat drawn by Kimbrough of his, Kimbrough's, land. He further testified in reply to a question about said plat: "Whose land did you think this belonged to?" Witness said he thought the land described by the plat was J. S. Hart's land, but he further stated he did not know whose land it was, but was under the impression from the plat the land belonged to J. S. Hart. The defendant testified in his own behalf that he was driving along the road bringing cattle from Garza to Scurry County and when opposite the Ennis Creek schoolhouse he saw a covey of quail; someone had left a gun in the hack that was along with the herd; at that time he was in the lane, the birds flew up out of the lane and lit near the road in a pasture, which was proved to be the premises of Kimbrough. "I took the gun, got over the fence and shot the quail, only had one load. While I was in the pasture the gentleman who said his name was O. L. Kimbrough came up to me and said to me, did I know that I was violating the law, and I told him no, that I thought it was Ben Davis' land, and he then said to me that Ben Davis did not own all the land on Ennis creek; he said he was going to prosecute me. I offered him the three birds that I had killed and then offered to pay him for the birds; he refused both. I left him in the field and went to my hack and came on home with the cattle." He further stated he did not have Davis' permission to hunt on his land, but he knew it would be all right, or thought it would be with Davis. Defendant says he was fifty-two years old and never had a case of this kind before and did not know he was on Mr. Kimbrough's land. This is the case.

Appellant asked the following special charge: "If you believe from the evidence beyond a reasonable doubt that the defendant, W. D. Sims, entered upon the land of O. L. Kimbrough and at the time of said entry, if any, was made, you believe he did so through mistake, and you further believe that said defendant thought and believed said land to be that of Ben Davis, then you will find the defendant not guilty and so say by your verdict." This charge was refused, and appellant reserved his bill of exceptions. The court approved the bill with the explanation that the special charge was refused for the reason defendant testified that he did not have permission from Ben Davis to hunt with firearms

on Ben Davis' premises. We are of opinion this charge ought to have been given. The fact that he did not have Ben Davis' consent to hunt on his land would not militate against his mistake if he believed he was hunting on Ben Davis' land. The defendant further testified, however, in this connection, while he did not have the consent of Mr. Davis, they were friends and he thought it would be all right and he would not object to it. His mistake in thinking he was hunting on Davis' land, under the above facts, it occurs to us, would inure to his benefit though he was hunting upon another man's land. A mistake of fact where a party believes in the mistake of fact will exonerate him from punishment, even though the fact was not true. It was a clear mistake on his part under his view of the case. He was not charged with hunting on Davis' land, but with hunting on Kimbrough's land, and the mistake arose as to the land on which he thought he was hunting. If it had proved to be Davis' land instead of Kimbrough's, this prosecution could not have been maintained under the information.

The evidence seems to be unquestioned that the quail flew up out of the lane and went over into the premises, and appellant went over and fired one shot. It may be seriously questioned whether this is hunting on enclosed land of another within the purview of the statute. There was but one shot fired. The writer does not believe this would bring it within the denunciation of the statute. This is hardly sufficient to constitute what the statute denominates as "hunting."

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*