Ex Parte Henry Jonischkies.

No. 6099.   Deciled February 9, 1921.

Rehearing·Denied March 2, 1921.

1.—Habeas Corpus—City Charter and Ordinance—Complaint.

A complaint which charged, that the relator did then and there unlawfully and wilfully violate a traffic ordinance by failing to drive his automobile on the right hand side around a traffic pole in main street, of the city of Yorktown, Texas, contrary to the ordinance of said city, etc., charges no offense.

2.—Same—Rehearing—Habeas Corpus—Defects of Complaint or Indictment.

Where the county attorney insisted that the insufficiency of the complaint cannot be determined by *habeas corpus*, yet, where, in the instant case the record showed that the ordinance was void, as well as the complaint insufficient, this Court had the right to inquire into the question of the State's pleading; and where neither the pleading nor ordinance charged the relator with an act which could be held penal, the conviction cannot be upheld, especially where there was no appeal from the conviction; and the writ of *habeas corpus* is the proper remedy.

From DeWitt County.

Original Habeas Corpus proceedings, asking release from confinement by virtue of a *capias pro fine* issue from the County Court of DeWitt County, upon appeal from the Corporation court of Yorktown.

. The opinion states the case.

*Alvin M. Owsley,* Assistant Attorney General and *Tom Chatham,* County Attorney for DeWitt County, for the State.—Cited Ex Parte Beverly, 34 Texas Crim. Rep., 644; Ex Parte Webb, 113 S. W. Rep., 545; Ex Parte Wolf, 115 S. W. Rep., 1192; Ex Parte Hendrix, 142 id., 571; Ex Parte McKay, 199 id., 637.

*J. F. Murray,* for relator.—Cited Ex Parte Lingenfelter, 142 S. W. Rep., 555; Ex Parte Drane, 191 id., 1158; Gill v. City of Dallas, 209 S. W. Rep., 209; Mantel v. State, 55 Texas. Crim. Rep., 458; Ex Parte Brewer, 152 S. W. Rep., 1068.

LATTIMORE, Judge.—This is an original habeas corpus by which relator seeks release from confinement by virtue of a *Capias Pro Fine* issued from the County Court of De Witt County. The record discloses that relator was convicted in the Corporation Court of Yorktown and appealed his case to the County Court of De Witt County where he was again convicted, *Capias Pro Fine* issuing as a result. The ground of this application is that the complaint against relator is void in that admitting the truth of its allegations, no offense is set forth,

and that consequently all other proceedings herein are also void. There being no appeal further than the said County Court, we have issued this writ.

The charging part of said complaint is as follows: "Did then and there unlawfully and willfully violate a traffic ordinance by failing to drive his automobile on right hand side around traffic pole in Main Street of city of Yorktown, Texas, contrary to the ordinance of said city of Yorktown." Attached to said application appears a copy of the traffic ordinances of said city.

Therein we find no ordinance penalizing the owner of an automobile who fails to drive same on the right hand side of the traffic pole on Main Street in said city. If we found such ordinance we should hold it void. The owner of a car can not be punished for his failure to operate it or his failure to drive it on any particular street, or failure to drive around any particular side of any traffic pole. In other words, this relator was not charged with driving or operating a car which he then and there drove on the wrong or left side of a given point but is simply charged with a failure to drive it on the right hand side. Every word charged in the complaint might be true of each member of this court or of relator if he left his car in his garage; or if he had never driven it on Main Street, for he would then "fail to drive it on the right hand side of the traffic pole on Main Street."

It is fundamental that the complaint must state facts which if true amount to a violation of the law. For the reason that the complaint in the instant case does not measure up to this fundamental requirement, it is void. The relief prayed for is granted and the sheriff of De Witt County is directed to release relator from the restraint of said *capias pro fine.*

*Relator discharged.*

ON REHEARING.

March 2, 1921.

LATTIMORE, JUDGE.—The able prosecuting attorney of De Witt county has filed a motion for rehearing on behalf of the State in this case. It is insisted that we erred in permitting an attack upon the judgment of conviction herein because of the insufficiency of the complaint, and authorities are cited in the motion as sustaining the proposition that the sufficiency of the complaint cannot be determined by *habeas corpus.* An examination of the authorities cited will disclose that it is uniformly held by this court that the sufficiency of a complaint or indictment cannot be tested by *habeas corpus* before a trial in the proper court below, the presumption being that when the case is up before such court, the law will be followed and if the complaint is fatally defective, same will be then adjudged. Other authorities cited correctly hold that defects of form which should have been

raised in the trial court cannot be tried out here by resort to the writ of *habeas corpus* after conviction. We are cited to no authority and know of none which would hold that this court was without power or precedent by writ of habeas corpus to review an indictment or information after judgment in order to determine whether or not same is void. In cases such as the one now before us, where, by the provisions of our statute, the right of appeal extends no further than to the County Court, we have always held that this court will inquire by this writ into the question of whether or not the State's pleadings are void. In the instant case we confined ourselves to that question. An ordinance of the City of Yorktown which in terms made it penal to fail to drive an automobile on the right hand side of a given traffic post could not be upheld as definite or certain or measuring up to the requirements of a statute penalizing a citizen. When the Act, whether of the legislature of a State or of a City, under which a prosecution is had, is followed in express terms or substance by the complaint in any given case, it is sufficient to bring in review before this court both the pleading and the law under which the prosecution is had, to attack the pleadings, as being void in that same set out no offense against the law. We did not discuss the question of the sufficiency of the State's pleading in the instant case from any standpoint of mere form. Said pleading appears to be in entire harmony with the language of the ordinance which relator was charged with having violated, but our conclusion was that the complaint was void because its language, if admittedly true, charged relator with no act which could be held penal, and which, if admittedly made penal by the terms of an ordinance using the same language as said complaint, would necessarily involve our opinion that the ordinance was also void.

The State's motion is overruled.

*Overruled.*