### A. A. Hughes v. The State.

No. 9641.   Delivered January 20, 1926.

**1.—Hunting on Enclosed Land of Another—Statute Construed—Held, Valid.**

Art. 1377 of the 1925 Penal Code, which makes it an offense for any person, without the consent of the owner, or some one in his stead, to hunt with firearms on the enclosed land of another, meets all of the requirements as to definiteness and certainty, and is sufficient to apprise any person of the meaning thereof, and is a valid enactment.

**2.—Same—Evidence—Held, Admissible.**

Prosecuting witness was properly permitted to testify that he saw two men hunting on his premises, without this consent, his failure to identify appellant being  immaterial in view of the fact that appellant himself admitted in his testimony, that he was one of the parties seen by the witness.

**3.—Same—Continued.**

It was also permissible to permit prosecuting witness to testify that he had previously told appellant that he did not allow any hunting on his premises, and that appellant replied that some day he was going over to said premises and kill all the birds prosecuting witness had.

**4.—Same—Continued.**

As to the fact that appellant had a bird dog with him when seen on the premises of prosecuting witness, such testimony was admissible as a part of the res gestae.

**5.—Same—Charge of Court—Requested Charge—Properly Refused.**

Where, on a trial for hunting on enclosed land of another, appellant requested a charge that if he had found some birds on adjoining land, and followed them on the premises of prosecuting witness, and did not fire at them, or if he did fire and did not kill over two or three, to acquit him. This charge was properly refused, and the Sims case cited by appellant, is not in point. Distinguishing Sims v. State, 157 S. W. 1194.

Appeal from the County Court of Johnson County. Tried below before the Hon. O. B. McPherson, Judge.

Appeal from a conviction of hunting with firearms on enclosed land of another, penalty a fine of $10.00.

The opinion states the case.

*Burton S. Burks,* of Lubbock, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the County Court of Johnson County for the offense of hunting with firearms upon the enclosed land of R. H. Cashion, and his punishment assessed at a fine of $10.00.

This prosecution is based on Art. 1255 of Vernon's Penal Code, and Art. 1377 of the 1925 Penal Code. The record discloses without dispute, that the land in question consisting of 108 acres, was properly enclosed, that said Cashion had informed appellant prior to the day of the alleged offense that he did not want him hunting upon said premises, that said appellant while hunting upon an adjoining farm with one Mr. Adair, flushed a covey of birds which flew upon the premises of said Cashion, and that said appellant went upon said premises of said Cashion with his gun and dog and fired two shots thereon. Appellant contends that the shooting was for the purpose of calling in his dog, and that he was not shooting at birds; but on the stand in his own behalf, testified that he would have shot the birds on the premises if he had found them.

Appellant questions the validity of the Statute and the sufficiency of the information based thereon, upon the ground that same is uncertain and too indefinite and does not describe or give any constituent elements of the alleged offense with that degree of certainty required by law, and is of such doubtful meaning that it cannot be understood. We see no merit in this contention, and are of the opinion that said Statute making it an offense for any person without the consent of the owner or someone in his stead to hunt with firearms upon the enclosed land of another, meets all the requirements, and is sufficient to apprise any person of the meaning thereof.

Appellant complains of the action of the court in permitting the prosecuting witness, over his objection, to testify

to seeing two men hunting on his premises in question, because it is alleged that neither of the men mentioned was shown to be the appellant. There is no merit in this contention as the appellant upon the witness stand admitted that he was on said premises at the time and place in question and talked to another party who said he was hunting, and left word with him to tell the prosecuting witness, who it appears was then approaching the scene, who he was.

Appellant also objects to the action of the court in permitting said prosecuting witness to testify that prior to the alleged offense, he told the appellant he did not allow any hunting on the said premises, and that said defendant replied that some day he was going over to said premises and kill all the birds the prosecuting witness had. We think this testimony was clearly admissible.

Complaint is also made to the action of the court in permitting the state to show that while appellant was upon said enclosed premises that he had a bird dog with him, because said testimony would be immaterial and would not tend to show that he was hunting with firearms. There is no merit in this contention, and the whole transaction upon this point was res gestae.

Appellant complains of the refusal of the court to give to the jury his special charge No. 2, to the effect that if appellant found some birds upon adjoining land of the prosecuting witness, and followed them on the premises of said witness, and did not fire at them, or if he did fire at them, did not kill over two or three, to acquit him. In support of said charge appellant cites Sims v. State, 157 S. W. 1194, and in connection with this contention and under this authority, urges that the evidence in this case is insufficient to support the conviction. We are unable to agree with the appellant upon either of said contentions, and are of the opinion that the court committed no error in refusing said charges, or in overruling the contention that the evidence was insufficient to sustain a conviction. We are clearly of the opinion that appellant's counsel in attempting to apply the Sims case, supra, to the instant case, overlooks or mistakes the contention made by the learned judge who rendered said opinion.

In that case the record disclosed that the appellant was driving cattle along the public road, and a covey of quail flew from the road and lit on the premises of one Kimbrough, and that there was a gun in the hack, with only one load of

ammunition for same, and that appellant took the gun, stepped into the pasture of said Kimbrough, and shot and killed two or three of the said quail; and upon being approached by the owner at said time, appellant informed him that he thought the premises belonged to one Davis. The learned judge in that case stated that the appellant, in thinking he was on Davis' land, was laboring under a mistake of fact, which would inure to his benefit, and the refusal of the court to give a special charge as to such a mistake of fact was error. The learned judge, after reciting the evidence, stated:

"It may be seriously questioned whether this is hunting on enclosed land of another within the purview of the statute. There was but one shot fired. The writer does not believe this would bring it within the denunciation of the statute. This is hardly sufficient to constitute what the statute denominates as 'hunting'."

It may be truly said with reference to the last portion of said decision relative to hunting, that same was dicta of the judge delivering the opinion, as stated by him therein. However, we are of the opinion that the judge had no intention in that case of announcing the doctrine as contended by the appellant in the instant case, that if birds found on the premises of adjoining land fly upon the premises of another, as shown by the record in this case, that such state of facts would authorize the following of said birds and trespassing upon said premises without the consent of the owner thereof. Such a holding would nullify the statute upon which this prosecution is based. The learned judge in the Sims case, supra, was only summing up the facts and showing that the appellant in that case was not hunting at all, but was driving cattle and just happened to come upon the birds in the lane, and happened to have a gun handy, and killed two or three of said birds after they had gone upon the premises of the said Kimbrough, and expresses his opinion that such state of facts did not constitute hunting with firearms as denounced under the statute, supra. At any rate the instant case is easily distinguished from the Sims case, in that the record without contradiction shows that the appellant was out hunting with firearms, and without the consent of the owner, entered upon the enclosed premises in question, following birds, and admitted by him that he would have killed them if he could have found them; and Sims was not hunting, but driving cattle and accidentally came across the birds in the road.

After a very careful examination of the entire record we

fail to find any error committed in the trial of this case, and the judgment of the trial court is therefore affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.