EX PARTE GEORGE HELTON.

No. 17371. Delivered January 30, 1935.
Rehearing Denied February 27, 1935.

The opinion states the case.

*A. B. Crane,* of Raymondville, for relator.

*Gus L. Kowalski,* Acting Co. Atty., of Kingsville, *S. L. Gill,* of Ramondville, and *Lloyd W. Davidson,* State's Atty., of Austin, for the State.

CHRISTIAN, JUDGE.—This is an original application for a writ of habeas corpus.

Relator was convicted in the justice court for a violation of the provisions of article 1377, P. C., as amended. He appealed to the county court and was again convicted, his fine being as-

sessed at fifty dollars. In the county court relator moved to quash the complaint. In view of the fact that the fine in the county court upon appeal from the justice court was assessed at less than one hundred dollars, this court has no appellate jurisdiction. The statute under which relator was convicted reads as follows:

"Whoever shall enter upon the inclosed land of another without the consent of the owner, proprietor or agent in charge thereof, and therein hunt with firearms or thereon catch or take or attempt to catch or take any fish from any pond, lake, tank, or stream, or in any manner depredate upon the same, shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined any sum not less than $10.00 nor more than $200.00 and by a forfeiture of his hunting license and the right to hunt in the State of Texas for a period of one year from the date of his conviction. By 'inclosed lands' is meant such lands as are in use for agriculture or grazing purposes or for any other purpose, and inclosed by any structure for fencing either of wood or iron or combination thereof, or wood and wire, or partly by water or stream, canyon, brush, rock or rocks, bluffs or island. Proof of ownership or lease may be made by parol testimony. Provided, however, that this Act shall not apply to inclosed lands which are rented or leased for hunting or fishing or camping privileges where the owner, proprietor, or agent in charge or any person for him by any and every means has received or contracted to receive more than twenty-five cents per acre per year or any part of a year for such hunting, fishing or camping privileges, or where more than $4.00 per day per person is charged for such hunting, fishing or camping privileges. And provided further that this exemption shall exist for a period of one year from the date of the receipt of such sum or sums of money."

We set forth the charging part of the complaint as follows: "That heretofore, to-wit: On or about the 1st day of July, A. D. 1934, and before the making and filing of this complaint, in the County of Kenedy, and State of Texas, J. W. Helton and James Helton and George Helton, did then and there unlawfully enter upon the inclosed lands of the estate of Henrietta M. King, without the consent of the trustees or any agent of said estate of Henrietta M. King, or either of them and did then and there hunt with firearms, the said lands not having been rented or leased for hunting privileges for more than 25 cents per acre per year, nor for more than $4.00 per day per person for such privileges."

Relator's main contention is that the complaint is fundamentally defective in failing to specifically negative the consent of a named owner, proprietor or agent in charge of the land. Another contention is that the complaint fails to negative the exceptions set forth in the statute. No attack is made on the constitutionality of the statute. In 12 R. C. L., at page 1202, we find the following statement: "Where an indictment, information or complaint, though inartifically drawn, shows an evident attempt to state the essential facts which constitute the crime sought to be charged, a defect in the statement will not warrant the discharge of the defendant on habeas corpus. To hold otherwise would be not only to adapt the writ to the ordinary uses of a proceeding in error, but to warrant, by its means, intolerable interference with the ordinary and regular process of criminal prosecutions, and to substitute the writ for a demurrer or motion to quash, which the law will not permit. The inquiry in such case is not whether there is in the indictment such specific allegation of the details of the charge as would make it good on demurrer, but whether the indictment describes a class of offenses of which the court has jurisdiction, and alleges the defendant to be guilty."

To the same effect as the above is the statement of the rule in 29 C. J., at page 41. In Ex parte Cox, 109 S. W., 369, it appears that Cox had been convicted in the justice court on a complaint charging him with having unlawfully entered upon the inclosed lands of one Woody, without his consent. Upon appeal to the county court he was again convicted and his fine assessed at ten dollars. Thereupon he filed in this court an application for a writ of habeas corpus. Among other things he contended that the complaint failed to negative some of the exceptions set forth in the statute. In denying the writ, this court, in an opinion by Judge Ramsey, held that the writ of habeas corpus is not available as a means of effecting the purposes of an appeal, and further that it is not available to test the sufficiency of a complaint. In the course of the opinion Judge Ramsey used language as follows: "Then again, if the act of 1903 is not in force, then the act of 1893 is, and if such be the case, the writ must be denied herein, because the most that can be said under this prosecution is that the complaint in this case would be only defective in not negativing some of the exceptions in the act of 1893, and such defects cannot be taken advantage of in a proceeding for habeas corpus."

In Ex parte Hendrix, 142 S. W., 570, it appears that Hendrix was convicted in the justice court and upon appeal to the

county court was again convicted, his fine being assessed at twenty-five dollars. He applied to this court for a writ of habeas corpus, his contention being that the complaint and information charged no offense against him, and were fatally defective in several respects, one of them being that said pleadings did not negative the exceptions embraced in the statute under which he was convicted. This court reached the conclusion that the writ did not lie. We quote from the opinion as follows: "It is well settled by many decisions of this court that the writ of habeas corpus is not the remedy to determine whether the complaint or information is bad for any defect therein; that such matters must be raised by the proper motion in the court below, and, whether sustained or not, when the judgment is rendered in the case in the county court on appeal from the justice court, and the fine is assessed at less than $100, the judgment is final and conclusive, and such judgment cannot be attacked collaterally by habeas corpus before this court."

In Ex parte Vaughan, 246 S. W., 373, the conviction was in the corporation court of the city of Dallas for the violation of a city ordinance. Vaughan made application to this court for a writ of habeas corpus. In declining to take note of the form of the complaint, this court, speaking through Presiding Judge Morrow, used language as follows: "This court takes no note of the form of the complaint, but in habeas corpus proceedings of this character will go no further than to determine whether the arrest or conviction is supported by a law under which a valid complaint may be drawn. See Ex parte Cox, 53 Texas Crim. Rep., 240, 109 S. W., 369; Ex parte Jennings, 76 Texas Crim. Rep., 116, 172 S. W., 1143; Ex parte Rogers, 83 Texas Crim. Rep., 152, 201 S. W., 1157; Ex parte Roquemore, 60 Texas Crim. Rep., 282, 131 S. W., 1101, 32 L. R. A. (N. S.) 1186; Ex parte McKay, 82 Texas Crim. Rep., 221, 199 S. W., 637; Ex parte Garcia, 90 Texas Crim. Rep., 287, 234 S. W., 892."

In Bishop's New Criminal Procedure, 2nd Ed., sec. 1410, occurs the following: "Where the allegation against an indicted or convicted prisoner discloses no crime, it seems to follow and there are cases holding, that he may be set at liberty on this writ. Still if, however defectively, the record shows that an offense within the jurisdiction of the court was meant to be charged, the habeas corpus is not the appropriate remedy. Such appears to be in brief the true distinction on a question not very clear in the authorities."

See also Ex parte Garcia, 234 S. W., 892, and Ex parte Matthews, 258 S. W., 477.

In support of his contention that he is entitled to attack the complaint by way of habeas corpus, relator cites Ex parte Jonischkies, 227 S. W., 952, and Ex parte Vasquez, 56 S. W. (2d) 190. In Ex parte Jonischkies, supra, we held that, in a case where the right of appeal extended no further than to the county court, this court had the power to determine under a writ of habeas corpus whether or not the State's pleadings were void. However, it appears that the court was confronted with the question as to whether the ordinance involved was invalid. The court said: "We did not discuss the question of the sufficiency of the State's pleadings in the instant case from any standpoint of mere form. Said pleading appears to be in entire harmony with the language of the ordinance which relator was charged with having violated, but our conclusion was that the complaint was void because its language, if admittedly true, charged relator with no act which could be held penal, and which, if admittedly made penal by the terms of an ordinance using the same language as said complaint, would necessarily involve our opinion that the ordinance was also void."

In Ex parte Vasquez, supra, the question as to whether the writ of habeas corpus was available to test the sufficiency of a complaint on the ground that it was vague and indefinite was not discussed.

We do not approve the form of the complaint and concede that consent by a named proper party should have been negatived. However, it appearing that the complaint attempts to charge an offense denounced by a valid statute, the writ of habeas corpus is not available to relator to test the sufficiency of said complaint.

The application for writ of habeas corpus is denied.

*Denied.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that our original opinion herein is erroneous. It is in harmony with our own cases and with the great weight of authority generally. It is insisted that the opinion in Ex parte Jonischkies, 88 Texas

Crim. Rep., 574, 227 S. W., 952, announces a correct rule, and should be followed, and other cases referred to in our original opinion herein, should be overruled. We pointed out in our original opinion that the real question with which the court was dealing in Jonischkies' case was an ordinance held to be unconstitutional, and therefore, no sort of valid complaint could have been drawn under said ordinance. The opinion in the Jonischkies case is modified in so far as any general expression found therein may be out of harmony with the holding in our original opinion in the present case.

Appellant now insists that the statute under which he was prosecuted is vague and indefinite, and is therefore violative of article 6, P. C., which denounces as inoperative a penal statute which is so indefinitely framed or of such doubtful construction that it can not be understood. The article of the Penal Code under which appellant was prosecuted is set out in our original opinion. We discover no such defects therein as appellant claims to exist. The statute was upheld against a similar attack in Hughes v. State, 103 Texas Crim. Rep., 38, 279 S. W., 846.

The motion for rehearing is overruled.

*Overruled.*