### EX PARTE RUBY EDGINGTON.

No. 18192.   Delivered December 11, 1935.
Rehearing Denied January 29, 1936.

The opinion states the case.

*Ramey A. Smith,* of Sulphur Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—This is a habeas proceeding. From an order of the district court remanding her to custody appellant appeals.

Appellant was convicted in the corporation court of the city of Sulphur Springs of the offense of indecently exposing her person, as defined by Art. 526, P. C. She appealed to the county

court, where she was again convicted and a fine of fifty dollars assessed against her. In the trial in the county court appellant's motion to quash the complaint was overruled. She now seeks by writ of habeas corpus to have this court determine that the complaint is fundamentally defective.

In view of the fact that the complaint attempts to charge an offense denounced by a valid statute, the writ of habeas corpus is not available to test the sufficiency of said complaint. Ex parte Helton, 79 S. W. (2d) 139.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In her motion for rehearing appellant cites no authorities holding contrary to the conclusion reached by us in our former opinion. The statute, for a violation of which appellant was convicted, seems entirely in accord with the Constitution, and there has been no holding otherwise. Appellant had her day in court, both in the corporation court and in the county court of Hopkins county. No question raised in this attempted attack upon the conviction, seems in anywise, or under any authority known to us, to give us jurisdiction by writ of habeas corpus.

The motion for rehearing is overruled.

*Overruled.*