## W. H. KIRBY v. THE STATE.

No. 16751. Delivered June 6, 1934.

The opinion states the case.

*Martin & Shipman,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin for the State.

LATTIMORE, JUDGE.—Conviction for selling beer; punishment, a fine of $200.00 and thirty days in the county jail.

This prosecution was in the county court upon an information charging that appellant unlawfully and wilfully sold beer under a pretext as manager of the Border Amusement Club * * * without being licensed first as a distributor or retail dealer as required by law. Appellant moved to quash the information on the ground that no person was named therein to whom beer was alleged to have been sold; also that there was no allegation as to whether or not the sale was in territory within which such sale might be legally made in Texas; also that there were no averments by means of which appellant might be informed as to what pretext was used by him in selling said beer, from which might be drawn the conclusion that he was selling under the pretext of the Border Amusement Club.

Examination of chapter 116, Acts Regular Session of 43rd Legislature, makes evident the fact that licenses to sell beer in a territory where allowable, of no more alcoholic content than 3.2 per cent, could be issued to three classes, to-wit: manufacturers, distributors and retail dealers. The information herein failed to charge that appellant was either of these, and as far as the averments of the information go,—he may have made and intended to make only one sale of beer, and would, therefore, not be in either of the above named classes to whom might be issued such license. An individual might be a manufacturer or a distributor or a retail liquor dealer, but he could not be either as the result of a single sale unaccompanied by any other indicia or concomitants which would fix his character as a retail

dealer. The statement of facts seems to indicate that it was the intention of the prosecution to show appellant guilty as a retail dealer of beer, but the information does not charge such offense. It merely charges that appellant did then and there unlawfully sell beer. If appellant be charged as engaged in the business as a dealer, either retail or wholesale, it would not be necessary to allege the person to whom he sold the beer. We regard the information as insufficent. We also think the information should allege that the county or precinct in which such party engaged in the business as a retail beer dealer, without first obtaining license therefor, was a precinct or county in which the sale of such beer, by one legally licensed so to do, could be legally carried on. This court has held under the present statute that no sale of beer or other intoxicating liquor could be legally made,—and of course no such business could be legally carried on,—in any county or precinct in which prior to the adoption of the constitutional amendment forbidding the sale of intoxicating liquor in this State, adopted in 1918, there had been held a local option election at which a majority of the voters had voted against the sale of such liquor, and which local option election had not been thereafter superseded by another election in which the majority voted otherwise.

There is nothing in the information in this case indicating whether Shackelford County, or the precinct in which this sale was alleged to have been made, was one in which the sale had been forbidden as above indicated. What we have said is here stated in view of the fact that there is confusion in the minds of some law enforcement officers as to the status of prosecutions for offenses of this kind.

Believing the information herein to be fatally defective, the judgment will be reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*