### W. E. Brown v. The State.

No. 17421.  Delivered February 27, 1935.

The opinion states the case.

*Glenn Capps,* of Mason, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted in the district court for selling beer containing not more than three and two-tenths per cent (3.2%) of alcohol by weight, and his punishment was assessed at a fine of $25.00.

The appellant questions the sufficiency of the information upon which he was tried and convicted, which information reads as follows: "Harold Schmidt, County Attorney of the County of Mason, State of Texas, in behalf of said State, presents in the District Court of said County, at the March Term, A. D. 1934, of said Court, that in said State and County, on or about the 1st day of November, A. D. 1933, and before the filing of this information, W. E. Brown did then and there unlawfully sell to R. W. White beer containing one-half (½) of one per cent (1%) or more of alcohol by volume and not more than three and two-tenths per cent (3.2%) of alcohol by weight, the said W. E. Brown having sold said beer as a retail dealer, and without first having applied for and secured a license as a retail dealer as provided for by the laws of the State of Texas, against the peace and dignity of the State."

An inspection of the information discloses that it is not averred that beer containing not more than three and two-tenths per cent (3.2%) of alcohol by weight could be legally sold within the territory of Mason County where the appellant was charged with having sold the same without having first obtained a license.  If Mason County or the precinct in said county in which the appellant is charged with having sold the.

beer was in dry territory, then the appellant could not legally obtain a license to engage in the occupation of selling beer, and in order to convict the appellant of selling beer containing not more than three and two-tenths per cent (3.2%) of alcohol by weight without having first obtained a license so to do, it was incumbent upon the State to allege and prove that it was legally permissible to sell beer in said county. If Mason County or the precinct of said county in which the sale was made was dry before the amendment to the Constitution, (sec. 20), it remained dry unless the citizens of said county since said time, in the manner and form prescribed by law, had voted to permit the sale of beer containing not more than three and two-tenths per cent (3.2%) of alcohol by weight. In the absence of such allegation, we are constrained to hold that the information is wholly insufficient to charge the offense of which the appellant was convicted, and in support of the views herein expressed we refer to the case of Kirby v. State, 72 S. W. (2d) 285.

Believing the information herein to be fatally defective, the judgment will be reversed and the prosecution is ordered dismissed.

*Reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.