SHORTY AUSTIN v. THE STATE.

No. 18824. Delivered March 17, 1937.

The opinion states the case.

*Early & Johnson.* and *J. Edward Johnson,* of *McCartney, McCartney & Johnson,* all of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The conviction is for a misdemeanor, the punishment being assessed at a fine of $100 and 30 days in jail.

It was charged in the complaint and information, in substance, that appellant sold to Porter Williams beer containing one-half of one per cent, or more, of alcohol by volume and not more than four per cent of alcohol by weight. It was further averred that said sale was made by appellant without first having applied for and secured a license to sell beer. Again, it was averred that Brown County, in which the sale was made, was a dry area, it being shown in the complaint and information that an election had been ordered and held which resulted in the prohibition of the sale of intoxicating liquors in said county.

Appellant's motion to quash the complaint and information should have been sustained. Section 4 of Art. 1, Chap. 467, General and Special Laws passed by the 44th Legislature at the Second Called Session, among other things, provides that it shall be unlawful to sell in any dry area any liquor containing alcohol in excess of one-half of one per cent by volume. Section 12 of Art. II of said act, among other things, provides, in substance, that if any person sells beer without being licensed he shall be punished by a fine of not less than twenty-five dollars and not more than five hundred dollars, or by imprisonment in the county jail not more than one year, or by both such fine and imprisonment. In Ex parte Meadows, 100 S. W. (2d) 702, this court held that Section 4, supra, prohibited the transportation of any kind of liquor in a dry area except under certain conditions unecessary to set forth here. In the course of the opinion it was said: "Article 2 of said 'Texas Liquor Control Act' when considered in its entirety appears generally to deal with the regulations for the legal handling of

beer, and prescribes penalties for handling same in violation of said regulations." We think it is clear that that part of Section 12, supra, denouncing the sale of beer without being licensed is not operative in dry areas, but relates to such sales in wet areas by persons who had not been duly licensed. Brown County, being a dry area, appellant could not legally have obtained a license for the sale of beer. Manifestly, the prosecution should have proceeded under Section 4 of Art. 1 which expressly denounces the sale of intoxicating liquor in dry areas, and not under Section 12 of Art. II, which relates, among other things, to sales of beer in wet areas without having obtained a license. See Kirby v. State, 72 S. W. (2d) 285.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.