## EX PARTE F. C. HENDRIX.

### No. 1642.   Decided January 3, 1912.

**1.—Habeas Corpus—Appeal—Practice on Appeal.**
   The writ of habeas corpus is not the remedy to determine whether the complaint or information is bad or whether there is any defect therein, and can not serve the purpose of an appeal, certiorari, or quo warranto.

**2.—Same—Case Stated—Collateral Attack.**
   Where relator was fined for a misdemeanor in the Justice Court, and appealed to the County Court and was there again convicted, and a fine of $25 assessed against him, such judgment is final and can not be attacked collaterally by habeas corpus before the Court of Criminal Appeals.

From Travis County. Original habeas corpus asking release under a commitment from the County Court assessing a fine of $25 against relator on an appeal from the Justice Court.

The opinion states the case.

*Charles Rogan,* for relator.—Where an indictment or information is defective, the Court of Criminal Appeals will reverse and dismiss whenever and wherever raised: Slack v. State, 61 Texas Crim. Rep., 372, 136 S. W. Rep., 1073; Maddox v. State, 14 Texas Crim. App., 447.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Before the justice of the peace of precinct No. 5 complaint was made against relator charging that on

May 6, 1911, in Travis County, Texas, he "did then and there unlawfully and wilfully drive, propel, operate an automobile along and over the Austin and San Antonio road, a public road in Travis County, Texas, at a greater rate of speed than eighteen miles per hour, the said F. C. Hendrix then and there unlawfully and wilfully drove, propel and operate said automobile along and over said Austin and San Antonio road in a reckless and dangerous manner, endanger the life and limb of a person passing said public road . . . against the peace and dignity of the State."

An information was thereupon filed before said Justice Court by the county attorney of Travis County based on said affidavit and conforming strictly thereto, so far as the allegations are contained.

The case was tried in the Justice Court and the appellant convicted. He appealed to the County Court, where he was tried again, and convicted and a fine of $25 assessed against him.

The record does not show that there was any motion to quash the complaint or information in either the Justice or County Court, and we conclude, therefore, that there was no such motion in either court. After the conviction in the County Court, the relator made a motion in arrest of judgment which was overruled. The grounds of the motion were in effect that the complaint and information charged no offense against him and that they were fatally defective and the conviction void, because the said complaint and information did not negative the exception contained in the proviso of the statute under which he was convicted.

The relator was held by the sheriff under a proper commitment issued upon said judgment of conviction. He applied for a writ of habeas corpus to this court and it was granted by one of the judges thereof.

It is well settled by many decisions of this court that the writ of habeas corpus is not the remedy to determine whether the complaint or information is bad for any defect therein; that such matters must be raised by the proper motion in the court below and whether sustained or not, when the judgment is rendered in the case in the County Court on appeal from the Justice Court, and the fine is assessed at less than one hundred dollars, the judgment is final and conclusive and such judgment can not be attacked collaterally by habeas corpus before this court. Ex parte Wolfe, 55 Texas Crim. Rep., 231; Ex parte Beverly, 34 Texas Crim. Rep., 644; Ex parte Cox, 53 Texas Crim. Rep., 240; Webb v. State, 113 S. W. Rep., 545; Knapp v. State, 57 Texas Crim. Rep., 411; Williford v. State, 50 Texas Crim. Rep., 417. And such writ can not serve the purpose of an appeal, certiorari or quo warranto. See the same cases and those cited therein.

The relator will be remanded by order of this court to the custody of the sheriff or any constable of Travis County.

*Relator remanded.*