Ex Parte Juan Roya.

No. 5300.   Decided October 15, 1919.

**1.—Habeas Corpus—Carrying Intoxicating Liquors—Zone Law—Statutes Construed.**

Where, upon original habeas corpus proceedings, the applicant contended that section three, chapter 12, Acts fourth, called session of the Thirty-fifth Legislature was repealed or superseded by section three chapter 24, Acts of said called session, and that this in turn was repealed or superseded by chapter 31, Acts of the same session, held, that this contention is without merit.

**2.—Same—Statutes Construed—Zone Law—State Prohibition Law.**

Chapter 31, section nine, expressly provides that it is not in that act made unlawful to carry liquor into prohibition territory for certain named purposes and in certain ways, and this does not supersede or repeal section three of the zone law, which forbids liquor to be carried into the ten mile zone around army camps for the very purposes and the ways excepted from the provisions of chapter 31.

**3.—Same—Rule Stated—Repeal—General and Special Application.**

The proposition is not sound that because a law, general in its application and character is passed forbidding certain acts, that same must be repealed or superseded by, or be repugnant to other laws general in character forbidding the same acts but which have special application.

**4.—Same—Penalty—Rule Stated—Legislative Power.**

The Legislature may single out of Acts made penal by general laws, those having certain characteristics, and make all acts having these characteristics more heavily penal than the others.

**5.—Same—Statutes Construed—Rule Stated—Penalty.**

The Rule that when an Act made penal by one law, is also penalized by a later Act fixing a lighter punishment, the accused must be punished under the later Act, cannot be invoked in the instant case.

**6.—Same—Case Stated—Habeas Corpus—Appeal—Practice on Appeal—Collateral Attack.**

Where it was shown the applicant, on an original habeas corpus proceeding in this court, had been convicted of a violation of the zone law for carrying intoxicating liquors into a prohibited military zone, and contended that said zone law was repealed or superseded by the Statewide prohibition law. etc., and failed to appeal from said conviction and made no attack on the constitutionality of said zone law, he could not collaterally attack by habeas corpus said judgment of conviction. Following Ex parte McKay, 199 S. W. Rep., 637, and other cases. Davidson, Presiding Judge, dissenting.

From El Paso County.

Original habeas corpus proceeding asking release from a conviction of carrying intoxicating liquors into a military zone, contending that said military Zone Law was repealed or superseded by the Statewide prohibition law, and subsequent Acts of the Legislature.

The opinion states the case.

*Joseph M. Nealon*, for appellant.—On question of unconstitutionality of the Zone Law: Jannin v. State, 51 S. W. Rep., 1126; Railway Co. v. Mahaffey, 84 id., 646; Ohio and M. R. Co. v. Todd, 15 S. W. Rep., 56.

On question of conflict of Zone Law with other legislation on prohibition, and of carrying intoxicating liquors: Longmire v. State, 75 Texas Crim. Rep., 616, 171 S. W. Rep., 1165; Ex parte Hopkins, 75 Texas Crim. Rep., 611, 171 S. W. Rep., 1163.

*E. A. Berry*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—This applicant was prosecuted in the Thirty-fourth District Court of El Paso County for carrying intoxicating liquors into territory forbidden by the Zone Law, passed by the Fourth Called Session of the Thirty-fifth Legislature. When his case was called for trial on December 13, 1918, he was present in person and by counsel and pleaded guilty, with all the requisite formalities of being admonished, being of sound mind, etc., and was given two years sentence in the penitentiary. Applicant made no other plea than that of guilty. He filed no motion for new trial and took no appeal, but on the same day waived his two days allowed by law in which to file a motion for new trial and was duly sentenced. The court adjourned on the 20th of the same month and on the next day after adjournment this application for *habeas corpus* was prepared. as appears from the date of its affidavits. No attack is made in the application on the constitutionality of the law under which applicant was convicted. Nor on any alleged error in procedure making the judgment of conviction void.

The ground of the application is, that Roya is illegally detained by Seth B. Orndorff, sheriff, the statement therein being as follows:

"Your petitioner contends that said confinement, holding in custody and detention are unlawful because the judgment of conviction was based upon the indictment charging your petitioner with carrying spirituous and vinous liquors capable of producing intoxication into the zone and territory within ten miles of land and buildings then and there in El Paso County, Texas, and then and there occupied and controlled by the United States Government. and then and there used as a camp, quarters and place where soldiers were then and there camped, stationed and quartered, and which said land and buildings were then and there and are commonly known as Fort Bliss Reservation; and your petitioner respectfully contends that said indictment does not charge a violation of the laws of the State of Texas, in that he contends that that portion of what is commonly known as the Zone Law, being chapter 12 of the General Laws passed by the Fourth Called Session of the Thirty-fifth Legislature, forbidding and penalizing the carrying in any manner of spirituous, vinous or malt liquors or medicated bitters, capable of producing intoxication, into the territory described in said indictment, was repealed and superseded by Sec. 3 of chap. 24 of the General Laws passed by the Fourth Called Session of the Thirty-fifth Legislature. and that said sec. 3 of said chap. 24 was repealed and superseded by chap. 31 of the General Laws passed by the Fourth Called Session of the Thirty-fifth Legislature."

Applicant's contention that Sec. 3, Chap. 12, Acts Fourth Called Session of the Thirty-fifth Legislature was repealed or superseded by Sec. 3, Chap. 24, Acts of said Called Session, and that this in turn was repealed or superseded by Chap. 31, Acts of the same session, is without merit. Chap. 31, Sec. 9 expressly says that it is not in

that Act made unlawful to carry liquor into prohibition territory for certain named purposes and in certain ways, and this does not supersede or repeal Sec. 3 of the Zone Law which forbids liquor to be carried into the ten mile zone around army camps for the very purposes and in the ways excepted from the provisions of Chap. 31. Sec. 3, Chap. 24, *supra,* is the law which forbids transportation of liquor anywhere within this State generally, and does not single out any class of places for special protection or inhibition.

The proposition is not sound that because a law, general in its application and character is passed forbidding certain acts, that same must be repealed or superseded by or be repugnant to other laws general in character forbidding the same acts but which have special application. We have a general law against cursing, swearing, etc., and have various laws, general in their character but special in their application, which make cursing and swearing near religious assemblages, near election booths, in the presence or hearing of other persons and in various other ways, penal. These latter have different penalties from the general law of disturbance of the peace.

We have a general statute covering all burglaries, and a general law, special in its application, which singles out private residences and fixes a different penalty for such burglary. It will hardly be seriously contended that one charged with burglary of a private residence might claim that the law under which he was indicted was void because the general law of burglary or that of burglary of a box car might fix a lower penalty.

The Legislature may single out of acts made penal by general laws, those having certain characteristics and make all acts having those characteristics more heavily penal than the others.

Nor do we think the rule invokable here that when an act made penal by one law, is also penalized by a later act fixing a lighter punishment, the accused must be punished under the later act. The Statewide Act punishes the transportation anywhere within the State by not less than one year in the penitentiary. The Zone Law singles out the territory around army camps and makes carriage into that zone punishable by not less than two years. This is as permissible as to fix a higher punishment for cursing and swearing at church than for the same act generally; and to fix a higher punishment for burglary of a private residence than for burglary of houses in general.

Counsel for appellant filed an able brief, much of which, however is devoted to questions not raised by the application.

Notwithstanding our statutes plainly provide how a case may be brought directly to this court by appeal so that all questions may be fully presented applicant attempts to bring the case here by *habeas corpus,* presenting no question that might not have been brought up regularly on appeal.

We do not think this court should encourage or permit collateral attack by *habeas corpus* on judgments in cases where the matters

complained of should properly be brought here by appeal. Ex parte McKay, 82 Texas Crim. Rep., 221, 199 S. W. Rep., 637; and authorities cited; Ex parte White, 50 Texas Crim. Rep., 473.

We think the application should be dismissed.

*Dismissed.*

DAVIDSON, Presiding Judge. (dissenting).—This case brings in review the validity and constitutionality of the Zone Law and its relation to quite a number of acts of the Fourth Called Session of the Thirty-fifth Legislature. I do not care to write further than I have written in other cases in which I have not felt that I could agree with my associates.