## Ex Parte Leopold Garcia.

### No. 6266.  Decided November 23, 1921.

**1.—Habeas Corpus—Indictment—Impossible Date—Practice on Appeal.**

In the absence of a motion to quash the indictment, or in arrest of judgment, or an appeal from the judgment of the District Court, this court will not determine whether the conviction was void because of the apparent impossible date of the offense as charged in the second count of the indictment. Following Ex parte McKay, 82 Texas Crim. Rep., 221, and other cases.

**2.—Same—Rule Stated—Habeas Corpus.**

The universal rule is that the writ of *habeas corpus* cannot be made to serve the purpose of an appeal, *certiorari, mandamus,* or *quo warranto.* Following Ex parte Drane, 80 Texas Crim. Rep., 543, and other cases. Distinguishing Ex parte Ballard, 87 Texas Crim. Rep., 460.

From Williamson County.

Original application for *habeas corpus* asking release from the penitentiary by virtue of a judgment of the criminal District Court of Williamson County.

The opinion states the case.

*W. C. Linden & Martin,* attorneys for relator.

*R. G. Storey,* Assistant Attorney General, for the State.

ON REHEARING.

### November 23, 1921.

LATTIMORE, Judge.—The original opinion handed down in this case was written on a misapprehension of the facts, and upon this rehearing said original opinion is withdrawn.

This is an original application for a writ of *habeas corpus* presented to this court asking that applicant be discharged from the penitentiary of Texas where he is confined by virtue of a judgment of the Criminal District Court of Williamson County. From the record it appears that applicant was indicted on January 7, 1921, in said county, the in-. dictment containing two counts, one charging the transporting and possession of spirituous, vinous and malt liquors on the 24th day of December, 1920; and the second count charging the possession and transporting of seventeen bottles of mescal, a portable liquor containing more than one per cent of alcohol by volume, on December 24, 1921.

No motion to quash the indictment or either count, was made in the trial court, nor was there any motion in arrest of judgment, nor an appeal from the judgment of the District Court. The charge of the trial court in said cause, as presented in the record, informed the jury that defendant was charged with possession and transportation of said liquor on December 24, 1920, said date being stated as applicable to each count in the indictment. The jury were directed to find in their verdict of which count defendant, if found guilty, was so found. The verdict specified the second count, and the judgment recites that defendant was guilty of possessing and transporting intoxicating liquor. No sort of complaint being made to the trial court of any defect in the indictment, and no appeal having been taken, we are confronted by the question as to whether under these circumstances the writ of *habeas corpus* should be granted to determine whether the conviction was void because of the apparent impossible date of the offense as charged in the second count of the indictment.

We have concluded that it should not. The universal rule is that the writ of *habeas corpus* cannot be made to serve the purpose of an appeal, *certiorari, mandamus* or *quo warranto*. See Branch's Ann. P. C., p. 151 for collated authorities. When one has been indicted by a legal grand jury and becomes the defendant in a prosecution pending in a court of competent jurisdiction, we believe that he may present every defense known to our law and every right secured to him by such laws,—to the trial courts and to this court on appeal; or by one of the statutory writs mentioned above. We conclude that failing to invoke the aid of such courts by one of these methods he cannot now avail himself of a writ of *habeas corpus* to test the sufficiency of the indictment. Ex parte McKay, 82 Texas Crim. Rep., 221, 199 S. W. 637; Ex parte Drane, 80 Texas Crim. Rep., 543, 191 S. W. 1156.

One of the sound reasons in favor of the rule thus announced appears in the instant case. Applicant's brief contains the following: ·

"It will be insisted by the district attorney, who tried this case, that this issue ought not to be raised in this court, for the reason that other counsel then representing the defendant agreed to amend the indictment with reference to an amendable matter, that is, changing the date of empanelling the grand jury and the term of the court at which it was empaneled, from the date inadvertently therein stated as being

January Term, 1920, when it was in fact January Term, 1921, which we understand to be a matter that can be amended. In other words, that it is a defect of form and not of substance, and that in amending the indictment the district attorney inadvertently changed the only date appearing in the second count thereof which was the date of the alleged commission of the offense, and made it, to-wit as of December 24th, 1921, instead as of December 24th, 1920."

Suppose it be conceded that the facts thus suggested, be true, that is, that in attempting to make an amendatory change in the indictment in a matter of form, which would have been allowable and was being made by agreement, the State's attorney in the court below had by mistake changed figures affecting the substance of the indictment, which is a matter not permitted in our practice. Can there be any doubt that if complaint had been made of this matter at the time, or attention called thereto, it would have been proper to have corrected this inadvertent stroke of the pen? Manifestly not. Can the accused sit quiet and allow the trial to proceed, the charge to submit the correct date as it was prior to the inadvertent change, a verdict to be rendered responsive to the charge, and after acceptance of sentence, based on such verdict, come before the courts urging that it is now too late to correct such mistake, that the term of the lower court has ended, that the matter has passed beyond the jurisdiction of the trial court, and that the indictment must stand as it was after such mistake was made? Presuming that the suggested facts be true for argument sake, does not this case present a strong reason for the rule announced?

We think this court went too far in Ex parte Ballard, 87 Texas Crim. Rep., 460, 223 S. W. Rep., 222, in holding that one who fails to present his objections to the pleadings in the court a *quo,* or who failed to perfect his appeal, may obtain relief by *habeas corpus* from a defective indictment when the defect consists of matters apparent on the face of such instrument.

The relief sought will be denied and the application ordered dismissed.

*Dismissed.*