## EX PARTE MARVIN MATTHEWS.

No. 8464.   Decided February 13, 1924.

**Habeas Corpus—Indictment—Amendment of Liquor Law—Rule Stated.**

Authorities without number both in this State and other states hold that if a judgment is void relief may be given by habeas corpus, but not so if the judgment be voidable only.  Following Ex Parte McKay, 82 Texas Crim. Rep., 221, and other cases, and where the jurisdiction of the trial court was ample to enter a judgment upon a plea of guilty, the fact that the indictment did not negative the exceptions which were a part of the liquor law prior to its amendment did not deprive the court of such jurisdiction and the application must be denied.

From Walker County.

Application for writ of habeas corpus asking relief from imprisonment in the State penitentiary because of defective indictment.

The opinion states the case.

*James M. Johnson* and *T. E. Humphrey*, for applicant.—Cited: Davidson v. State, 248 S. W. Rep., 383; Ex Parte Jonischkies, 227 id., 952; Ex Parte Fulton, 215 id., 331, and cases cited in opinion.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.—Cited:  Ex Parte Garcia, 90 Texas Crim. Rep., 287.

LATTIMORE, JUDGE.—This is an application for a writ of habeas corpus made direct to this court by means of which applicant seeks release from confinement in the State penitentiary.  The basis on which the application rests is that the indictment upon which judgment of conviction was entered, was defective.  It appears from the application that applicant was indicted for selling intoxicating liquor at a time anterior to the amendment to what is known as the Dean Law and at a time when the indictment should have negatived the exception originally contained in the enacting clause of that law.  It is also made to appear that applicant pleaded guilty when his case was called for trial.

The point at issue before this court is,—is the judgment of conviction void or merely voidable?  Authorities without number among our own decisions and those of other states hold that if void, relief may be given by habeas corpus, but not so if the judgment be voidable only.  In Bishop's New Criminal Procedure, 2nd Ed., Sec. 1410, occurs the following:

"Where the allegation against an indicted or convicted prisoner discloses no crime, it seems to follow, and there are cases holding, that he may be set at liberty on this writ.  Still, if, however, defectively,

96 T. C.—32

the record shows that an offense within the jurisdiction of the court was meant to be charged, the habeas corpus is not the appropriate remedy. Such appears to be in brief the true distinction on a question not very clear in the authorities.''

In Ex parte McKay, 82 Texas Crim. Rep., 221, we said:

''The rule prevailing in this court seems to be that when an indictment regularly presented attempts to charge the accused with an offense defined in our Code, that a discharge on habeas corpus will not be awarded, however irregularly the offense may be charged.''

In Ex parte Roya, 85 Texas Crim. Rep., 626, we also said:

''We do not think this court should encourage or permit collateral attack by habeas corpus on judgments in cases where the matters complained of should properly be brought here by appeal.''

In Ex parte Garcia, 90 Texas Crim. Rep., 288, we said:

''The universal rule is that the writ of habeas corpus cannot be made to serve the purpose of an appeal, certiorari, mandamus or quo warranto. See Branch's Ann. P. C., p. 151 for collated authorities. When one has been indicted by a legal grand jury and becomes the defendant in a prosecution pending in a court of competent jurisdiction, we believe that he may present every defense known to our law and every right secured to him by such laws,—to the trial courts and to this court on appeal; or by one of the statutory writs mentioned above. We conclude that failing to invoke the aid of such courts by one of these methods he cannot now avail himself of a writ of habeas corpus to test the sufficiency of the indictment.''

In said case we declined to follow Ex parte Ballard, 87 Texas Crim. Rep., 460, cited by applicant. In Ex parte Davis, 85 Texas Crim. Rep., 218, is repeated what has often been said by this court, that when the judgment, regular on its face, is attacked by habeas corpus, the only question available is the jurisdiction of the trial court to render the judgment. In Ex parte Branch, 36 Texas Crim. Rep., 384, we said only in cases where the judgment was absolutely void would we entertain an attack thereon by habeas corpus.

There seems no question of the jurisdiction of the trial court in the case before us to hear the applicant's plea of guilty and to enter judgment thereon. We do not regard the fact that the indictment did not negative the exceptions which were a part of the Dean Law prior to its amendment by the 37th Legislature, to deprive the court of its jurisdiction to hear the case or render judgment therein, and it must follow that we do not think the judgment in this case was void.

The application will be denied.

*Application denied.*