## Ex Parte M. G. Meadows.

No. 18818.  Delivered December 9, 1936.
Rehearing Denied January 13, 1937.
Second Motion for Rehearing Denied January 27, 1937.

The opinion states the case.

*Shropshire & Sanders,* of Brady, for relator.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal from an order of the county judge of Brown County remanding relator to the custody of the sheriff of said county.

The record shows that the relator was charged by complaint and information in the county court of Brown County with the offense of "transporting liquor, to-wit: beer containing alcohol in excess of one-half of one per centum by volume, after an election had been held by the qualified voters of said county in accordance with law, to determine whether or not the sale of intoxicating liquors should be prohibited in said county, and such election had resulted in favor of prohibiting the sale of intoxicating liquors in said county, and the commissioners' court of

said county had duly made, passed and entered an order declaring the result of said election and prohibiting the sale of intoxicating liquors in said county as required by law, which said order has been published for the length of time and in the manner required by law; said election having been theretofore held on the 15th day of September, A. D., 1906, which prohibition has never been repealed by the qualified voters of Brown County." The information charged an offense under Sec. 4 of Art. I of Chapter 467, General and Special Laws, Forty-fourth Legislature—Second Called Session, 1925, approved November 15, 1935.

On the 22nd day of July, 1936, appellant was tried and convicted for transporting and possessing beer, in prohibition territory, and his punishment was assessed at confinement in the county jail for a period of thirty days and a fine of $500.00. After the court had adjourned for the term and the judgment had become final, the clerk of the said court issued a capias pro fine and placed it into the hands of the sheriff, who by virtue of said writ took relator into custody. Whereupon relator immediately applied to the Hon. A. E. Nabors, judge of the county court of Brown County, for a writ of habeas corpus and prayed that upon a hearing thereof he be discharged. Upon a hearing the court remanded relator to the custody of the sheriff of Brown County from which order he has appealed to this court. It is obvious from the record that the court had jurisdiction of the person and subject matter. Hence the judgment is not void even though there may be some irregularities in the procedure. It is true that under Sec. 18 of Article II, Chapter 467, General and Special Laws, Forty-fourth Legislature—Second Called Session, 1935, the transportation of beer from any place in this state where the sale, manufacture and distribution thereof is authorized by law to any other place within this state where the same may be lawfully sold and distributed, even though in the course of such transportation the route over which the same is being transported may traverse local option territory in which the manufacture, sale and distribution of beer is prohibited is not unlawful, provided such shipment be accompanied by a written statement furnished and signed by the shipper showing the name and address of the consignor and consignee. This, however, is an exception and because the exception is not negatived in the information relator contends that the conviction is void and the judgment is a nullity, and, therefore, he has a legal right to resort to the writ of habeas corpus for relief. We cannot agree with him

as this matter has been expressly determined adversely to his contention in the cases of Ex parte Matthews, 96 Texas Crim. Rep., 497; Ex parte Garcia, 90 Texas Crim. Rep., 287, and cases there cited. See also Ex parte Beverly, 34 Texas Crim. Rep., 644; Ex parte Cox, 53 Texas Crim. Rep., 240; Ex parte Boland, 11 Texas Crim. Rep., 159.

Having reached the conclusion that the judgment of conviction is not void, it is, therefore, ordered that the order of the county judge of Brown County remanding relator to the custody of the sheriff of said county be, and the same is, in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that the indictment charged him with the transportation of "beer" in dry area. We agree with this contention. He further insists that Art. 2 of the "Texas Liquor Control Act" (Act 44th Leg., 2d C. S., Ch. 467, p. 1795), dealt exclusively with "beer," and that no prohibition against the "transportation" thereof in dry area appearing in said Art. 2 it is no offense to so transport it. As to the latter contention we are in disagreement with appellant. It is apparent that the Legislature was dealing with the entire subject of liquor, of all kinds; the regulation of the handling of the various kinds where same could be legally handled, and defining offenses and affixing penalties where the same was illegally handled.

It is true that in Sec. 3-a of Art. 1 of said Act is found the following statement:

"Whenever the word liquor is used in this Act it shall mean and refer to any alcoholic beverage containing alcohol in excess of four per cent by weight unless otherwise indicated."

Immediately following in Sec. 4 (b) the Legislature enacted that:

"It shall be unlawful for any person to manufacture, sell, *transport* or possess for the purpose of sale in any dry area under this or any other Act in this State *any liquor* containing alcohol in excess of one-half (½) of one per centum (1%) by volume * * *"

Although the liquor appellant is charged with transporting

was described as "beer," it was nevertheless a beverage liquor alleged to contain alcohol in excess of one-half of one per centum by volume, and is embraced within the particular designation of *any liquor* containing such amount of alcohol. The use of the particular language quoted in Sec. 4 (b) seems to make it clear that the Legislature was "otherwise" designating the liquor in contemplation so that it would not come within the definition of "liquor" as found in Sec. 3-a., Art. 2 of said "Texas Liquor Control Act" when considered in its entirety appears generally to deal with the regulations for the legal handling of beer, and prescribing penalties for handling same in violation of said regulations.

The motion for rehearing is overruled.

*Overruled.*

### ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a request for leave to present a second motion for rehearing. The request is denied, but with the following statement: We have herein only held that the complaint charging appellant with transporting beer containing alcohol in excess of one-half of one per cent by volume in Brown County, after the sale, etc., of intoxicating liquor had been duly prohibited by an election, etc.,—was not void, but only voidable. We are holding that appellant having failed to move against the sufficience of said complaint in the trial court, or by the route of an appeal,—on the ground that the complaint did not negative the exceptions laid down in the statute under which such liquor could be transported across a dry area,—that he could not thereafter assail said complaint, or the judgment of conviction thereunder, by way of a habeas corpus. We have not held herein that a man may not transport intoxicating liquor, under the circumstances laid down in the statute, across dry area. What we said in Ex parte Matthews, 96 Texas Crim. Rep., 497, is followed and emphasized and supported by citation of authorities in Ex parte Jarvis, 109 Texas Crim. Rep., 52, and Ex parte Evans, 109 Texas Crim. Rep., 231.

Not being able to agree that we erred in our former opinions, the application is denied.

*Denied.*