### EX PARTE EDDIE SEYMOUR.

No. 20158. Delivered March 29, 1939.
Rehearing Denied May 17, 1939.

The opinion states the case.

*Baskett & Parks*, of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, Judge.

Relator was indicted in Harris County, Texas, charged with felony theft—the particular charge being the theft of an automobile—on or about July 17th, 1935. The indictment also contained averments to the effect that relator had previous to the commission of the instant offense been twice convicted of other felonies, the purpose of said averments being to bring relator under the 'habitual criminal' penalty fixed by Art. 63 P. C. of life imprisonment in the penitentiary on a third conviction. Relator entered a plea of guilty, waiving a jury by approval of the court and the attorney for the State, was adjudged guilty on said plea and evidence submitted on October 3, 1935, as an habitual criminal and his punishment assessed at life imprisonment in the penitentiary.

On August 4, 1938, relator made application to the Hon. Sam Holland, Judge of the District Court of Houston County, for a writ of habeas corpus seeking release from the penitentiary, asserting that the averments in the indictment under which he was convicted charging that he had twice before been convicted of felonies were insufficient to support a judgment that he was an habitual criminal, and took the position that said judgment of conviction was void. The said judge granted the writ and upon a hearing on August 15th, 1938, he remanded relator to the penitentiary authorities from which judgment this appeal is prosecuted.

It may be stated here that no attack was made on the indictment in the trial court at the time relator entered his plea of guilty and no appeal was prosecuted from said judgment.

We quote from Ex parte Garcia, 90 Tex. Cr. R. 287, 234 S. W. 892 as follows: "When one has been indicted by a legal grand jury and becomes the defendant in a prosecution pend-

ing in a court of competent jurisdiction, we believe that he may present every defense known to our law and every right secured to him by such laws to the trial courts and to this court on appeal, or by one of the statutory writs mentioned above. *We conclude that, failing to invoke the aid of such courts by one of these methods, he cannot now avail himself of a writ of habeas corpus to test the sufficiency of the indictment.* Ex parte McKay, 82 Tex. Cr. R. 221, 199 S. W. 637; Ex parte Drane, 80 Tex. Cr. R. 543, 191 S. W. 1156."

From the opinion in Drane's case (supra) it appears that relator there was by a collateral proceeding—habeas corpus—undertaking to attack the State's information upon which conviction was based. This court said: "If it (the information) in law charged no offense, it would be the duty of this court to discharge the appellant. If, however, it charges an offense, but does so in a defective manner, then this court would not discharge him. Such matters as go to the manner and form of informations are not available on application for writ of habeas corpus, but to be considered if raised by motion or plea in the trial court." Many authorities are cited in support of the statement.

In Ex parte McKay, 82 Tex. Cr. R. 221, 199 S. W. 637, is found the following statement. "The rule prevailing in this court seems to be that, when an indictment regularly presented attempts to charge the accused with an offense defined in our Code, a discharge on habeas corpus will not be awarded, however irregularly the offense may be charged."

All of the principles stated above find support in Ex parte Mathews, 96 Tex. Cr. R. 497, 258 S. W. 477. See also Ex parte Meadows, 131 Tex. Cr. R. 592, 100 S. W. (2d) 702; Ex parte Hendrix, 64 Tex. Cr. R. 452, 142 S. W. 570; Ex parte Helton, 128 Tex. Cr. R. 112, 79 S. W. (2d) 139, and cases therein cited.

If it should be conceded that the averments in the indictment charging relator with previous convictions are imperfectly pleaded, still they are not such as would render his judgment of conviction void under all the authorities cited.

Believing if there were imperfections in the indictment that relator cannot collaterally attack them by habeas corpus proceeding it follows that the judgment remanding relator should not be disturbed.

The judgment is therefore affirmed.

ON RELATOR'S MOTION FOR REHEARING.

KRUEGER, Judge.

Relator, in his motion for a rehearing, earnestly insists that we erred in the disposition of this case on original submission. His contention seems to be that the indictment was insufficient to show that the District Court of Harris County had active jurisdiction and by reason thereof the judgment entered against him was void. The record shows that he was indicted by the Grand Jury of Harris County, Texas, for theft of an automobile of the value of $500. It was charged in the first court of the indictment that "Eddie Seymour on the 17th day of July, 1935, in Harris County, did fraudulently take and steal an automobile of the value of $500 from P. F. Blackman, etc." This was sufficient to show that the District Court of Harris County not only had potential but active jurisdiction of the person and subject matter.

In each of the other two counts, it was charged that relator had theretofore been convicted, to-wit: on September 15, 1932, in Cause No. 37,086, and on the 12th day of March, 1930, in Cause No. 33,309 in the District Court of said county. In both instance it was charged that the conviction was for an offense of the same nature.

That the first count in the indictment properly charged an offense of theft of property over the value of $50 seems to be conceded. His contention, however, seems to be that the two counts charging prior convictions do not specifically charge "an offense less than capital" although it is averred in each that the conviction was for an offense of like nature. He takes the position that the omission of the words "an offense less than capital" made the indictment insufficient to confer jurisdiction upon the court to justify and enhance the punishment as provided by Art. 63, P. C.

The two former convictions were not elements of the offense charged. They were plead, not for the purpose of conferring jurisdiction on the court, but merely to enhance the punishment. He seems to lose sight of the fact that he was tried only on the charge contained in the first count. The two prior convictions were charged for the sole purpose of enhancing the punishment in case of his conviction on the first count. Had he been acquitted on the first count, no punishment could have been assessed against him at the conclusion of his trial. Consequently, when the first count in the indictment charged him with having committed a felony in Harris County, the District Court had jurisdiction to try him for said offense.

If there was a defect in the two subsequent counts of the indictment charging former convictions, relator should have raised the question in the trial court, and having failed to obtain the desired relief there, he could have then appealed to this court. Not having done so, he cannot now, in a collateral proceeding, attack the judgment.

The authorities referred to in our original opinion seem to sustain the conclusion here expressed.

Believing that a proper disposition of the case was made on original hearing, the motion for a rehearing will be overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.