ALLEN EASON, *alias* J. L. ELLIS v. THE STATE.

No. 21635. Delivered June 25, 1941.

The opinion states the case.

*L. D. Griffin* and *Paul Worden,* both of Alice, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for knowingly passing a forged instrument. The punishment assessed is confinement in the State penitentiary for life.

Appellant was indicted by the grand jury of Jim Wells County, Texas, at the February, 1941, term of the District Court of said county charging him with knowingly and fraudulently passing as true to Otto Schvab a forged instrument in writing of the tenor following:

"GULF      Pay Roll Check      No. 118
         "GULF OIL CORPORATION
            "Branch
         "Monroe Louisiana
                        "November 5, 1940
"Pay to the Order of      J. L. Ellis      $87.34
            "Registered
            "F-3667   $87 *and* 34¢      Dollars
            ———
            "Gulf Oil Corporation
               "By S. M. Cassiway
         "FIRST NATIONAL BANK
            36-1   Monroe Louisiana      36-1."

It is further charged in substance that on the 16th day of November, 1939, appellant was convicted in the Criminal District Court No. 2 of Harris County, Texas, in cause No. 47,840, of the offense of forgery; that on the 1st day of November, 1930, he was convicted in the District Court of Victoria County of the offense of forgery; that each of said convictions became final prior to the commission of the offense herein first charged.

The State's evidence shows that on or about the 16th day of November, 1940, W. L. Stokes, Sam Troxell, a Mrs. Foster and the appellant left Houston in a car with a number of pay roll

checks purporting to have been issued by the Gulf Oil Corporation of Monroe, Louisiana, payable to J. L. Ellis, in various amounts from $68.12 to $87.34. The checks were prepared by appellant and his co-defendants before they left Houston and went to Alice and various points in Southwest Texas; that they had agreed among themselves to pass these forged checks to whoever would cash them at various places. Appellant passed one of these checks to Otto Schvab of Alice, Texas, on the 18th day of November, 1940; and other checks of like character were passed to persons at Kingsville and Falfurias. After appellant was arrested, he made a voluntary confession in which he admitted that he passed the check in question and that he knew at the time that it was a forgery. The record of his former convictions was introduced in evidence and in each instance he was identified as being one and the same person. He did not testify or offer any affirmative defense.

The only contention appellant makes is that the trial court erred in admitting in evidence three other checks of the same nature, purporting to have been issued by the same corporation to the same party in different amounts and passed by the appellant and his confederates in crime on the same trip. These checks were evidence of the existence of the conspiracy entered into by and between the appellant and the other named parties, before leaving Houston, to pass the forged checks generally and divide the proceeds derived therefrom among the conspirators. The checks were admissible, not only to corroborate the accomplice witness, but also to show the existence of the conspiracy, and were a part of the res gestae. See Branch's Ann. Tex. P. C., p. 864, sec. 1412, and cases cited. Moreover, the accomplice Stokes testified fully relative to such checks without objection.

No reversible error appearing, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.