EX PARTE ALLEN EASON *alias* J. L. ELLIS.

No. 22778. Delivered January 12, 1944.

The opinion states the case.

*L. D. Griffin,* of Alice, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Relator was, on the 15th day of March, 1941, convicted, in the District Court of Jim Wells County, as, what is commonly called, an habitual criminal (Art. 63, P. C.) and his punishment assessed at confinement in the State penitentiary for life. From this judgment, he appealed to this court. The judgment of conviction was affirmed by this court, as is shown in 142 Tex. Cr. R. 294, 152 S. W . (2d) 757. Relator was, on May 3rd, 1941, received into the penitentiary, to serve the sentence imposed, where he is now and has been continuously incarcerated.

By application for the writ of habeas corpus before the District Court of Jim Wells County, relator sought his discharge from custody, asserting that, by reason of a defective indictment, and because of insufficient evidence to support said indictment, the judgment was void and of no force and effect. The District Court of Jim Wells County heard the application, developed the facts, and certified the same to this court for final determination, inasmuch as the attack was upon a final judgment of this court.

Several reasons exist wh., relator's contention cannot be sustained. The first and foremost of these reasons is that the sufficiency of an indictment may not be challenged in a habeas corpus proceeding. Ex parte Seymour, 137 Tex. Cr. 103, 128 S. W. (2d) 46; Ex parte Pruitt, 139 Tex. Cr. R. 438, 141 S. W. (2d) 333, and Ex parte Brown, 145 Tex. Cr. R. 39, 165 S .W. (2d) 718.

As to relator's contention that the indictment was insufficient in its allegations to support the application of the habitual criminal statute, it will be noted that, in the opinion affirming the judgment, the sufficiency of the indictment was expressly approved. Moreover, every attack which the relator now seeks to make on the judgment of conviction was or could have been presented upon appeal. No matter alleged therein is claimed to have arisen subsequent to his conviction.

The judgment of this court affirming the judgment of the trial court becomes the law of the case and binding upon all parties.

Relator's application for discharge is denied.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.