EX PARTE JAMES PIERCE SISTRUNK

No. 33,594. June 24, 1961
Motion for Rehearing Overruled October 18, 1961

McDONALD, Judge, dissented.

*Charles W. Tessmer*, Dallas, for relator.

*Henry Wade,* Criminal District Attorney, *Phil Burleson,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

This is an application for writ of habeas corpus by an inmate of the penitentiary attacking as void his conviction in Criminal District Court No. 2 of Dallas County, affirmed by this court in Sistrunk v. State, 331 S.W. 2d 323.

The indictment against the applicant charged him with the offense of assault with intent to murder with malice, and for the purpose of enhancement of punishment alleged that prior to the commission of said offense he had been convicted of assault with a deadly weapon with intent to commit murder, a felony less than capital of like character, in Superior Court of the State of Arizona upon a information there legally pending.

The jury found applicant herein guilty and found that he had been previously convicted as charged, and the court gave application to Art. 62 P.C. and sentenced him to 15 years in the penitentiary.

All of the facts relied upon are shown in the record of the appeal in the cause above cited.

The attack upon the conviction and the affirmance thereof by this court is predicated upon the fact that the indictment did not allege and no proof was offered at the trial that a felony could be prosecuted in the State of Arizona upon an information.

In holding that there is no merit in the application we announce no new rule of law and construe none.

The attack is upon the form of the indictment and upon the sufficiency of the evidence, neither of which may be raised collaterally in a habeas corpus proceeding after the conviction has become final. Ex parte Seymour, 137 Tex. Cr. R. 103, 128 S.W. 2d 46; Ex parte Lyles, 168 Tex. Cr. Rep. 145, 323 S.W. 2d 950.

Ex parte Puckett, 165 Tex. Cr. R. 605, 310 S.W. 2d 117, cited by applicant, does not sustain his contention.

It is not contended that *in fact* in Arizona, as in Texas, a felony conviction cannot be had upon an information. The record on appeal in applicant's case shows the contrary. The contention here advanced is that there was *no allegation* and *no evidence* at the trial as to the Arizona law.

In order to bring himself within the rule in Ex Parte Puckett, supra, it would be necessary that the applicant show, as did Puckett, that the prior conviction alleged was *not in fact* one which was available to enhance punishment under Art. 62 P.C. when properly pleaded and proved. This he has not done.

The application for writ of habeas corpus is denied.

McDONALD, Judge (dissenting).

I respectfully dissent to the majority disposition of this application.

The majority opinion states that the attack is upon the form of the indictment and upon the sufficiency of the evidence, neither of which may be raised collaterally in a habeas corpus proceeding after the conviction has become final.

I think that the holding of this court as enunciated in the case of Ex parte Daniels, 158 Tex. Cr. Rep. 2, 252 S.W. 2d 586, wherein the indictment for theft set out two prior convictions but showed that the second conviction was for an offense committed prior to the first conviction —the court holding that the second conviction could not constitute a basis for prosecution of the accused as a third offender— is authority for holding that this court may, where the attack is leveled by habeas corpus, examine and consider the form of the indictment. If the majority opinion correctly reflects the law of this state, then the majority should overrule the Daniels case, for, to me, it is diametrically opposed to the majority holding.

To me, Ex parte Bush, 166 Tex. Cr. Rep. 259, 313 S.W. 2d 287, is authority for this court to consider evidence where complaint is raised by habeas corpus rather than by appeal.

Although the majority holds that Ex parte Puckett, 165 Tex. Cr. Rep. 605, 310 S.W. 2d 117, does not sustain the applicant's contention, I disagree. Puckett holds that a federal conviction used for enhancement purposes under Art. 63, P. C.,

must be for an offense which is denounced by the laws of Texas as a felony. How, then; can this court hold that an Arizona conviction, based on an *information,* is denounced as a felony in Texas?

I think the burden was with the State to prove the prior conviction for enhancement. This it did not do. Our statutes also say that a felony conviction must be had on an indictment returned by a grand jury. Regardless of procedure, due process may be raised any time.

I would grant the writ.