**Ex parte William Everett REED.**

No. 36003.

Court of Criminal Appeals of Texas.

June 29, 1963.

Rehearing Denied Oct. 16, 1963.

Charles William Tessmer, Dallas, for appellant.

Stanley C. Kirk, Dist. Atty., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

Petitioner by writ of habeas corpus attacks as void his confinement under a sentence for burglary, with two prior convictions alleged for enhancement under Article 63, Vernon's Ann.P.C., alleging that he has served the minimum term provided for burglary and that the proof did not correspond to the allegations in the indictment as to the number of the court in which the prior convictions were had. Appellant's appeal from this conviction is reported as Reed v. State, Tex.Cr.App., 353 S.W.2d 850.

This is not a new contention and has been answered adversely to appellant in Ex parte Seymour, 137 Tex.Cr.R. 103, 128 S.W.2d 46; Ex parte Wingfield, 162 Tex.Cr.R. 112, 282 S.W.2d 219; and Ex parte Sistrunk, Tex. Cr.App., 349 S.W.2d 728.

Ex parte McVickers, Cal., 176 P.2d 40, by the Supreme Court of California, upon which appellant relies, announced no rule of law different from that employed by this Court in Ex parte Puckett, 165 Tex.Cr.R. 605, 310 S.W.2d 117. There, we said that one of the prior convictions relied upon for enhancement was not, as a matter of law, an offense which was denounced by the laws of Texas as a felony.

The method of proving appellant's identity as being the person theretofore convicted as approved by this Court in Broussard v. State, Tex.Cr.App., 363 S.W.2d 143, does not violate his right of confrontation as guaranteed by the Constitution.

The relief prayed for is denied.