Gary Wayne JOHNSON, Appellant,

v.

The STATE of Texas, State.

No. 2–81–375–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 2, 1983.

John P. White, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., and George Gallagher Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and HUGHES and BURDOCK, JJ.

## OPINION

FENDER, Chief Justice.

Gary Wayne Johnson was convicted of theft (over $200.00—under $10,000.00) before a jury in Criminal District Court Number Three of Tarrant County. A prior felony conviction having been alleged in the indictment, the jury found such allegation "true" and fixed punishment at twelve years confinement.

We affirm.

Although appellant properly presents two grounds of error so as to avoid multifarious pleading, his basic contention, in each ground, is that the State should have been barred from use of the enhancement feature because the indictment in that cause showed Criminal District Court Number 11th, when there has never been such a court in Tarrant County.

The indictment in the instant cause recites that, prior to the instant offense, Johnson was convicted of robbery in Criminal District Court Number Four of Tarrant County in cause number 89914. The State undertook to prove such allegation by the introduction of a pen packet, which properly reflected the prior conviction in Criminal District Court Number Four. Appellant, however, introduced a copy of the original indictment which reflected a charge of armed robbery in count one thereof and robbery in count two. This was a pre-printed form which required certain blank spaces to be filled in before being signed by the foreman and the prosecutor.

In count one the blank following "Criminal District Court No. ____" was filled in with "3". In count two the equivalent blank was filled in with "11th". It is also noted that in both counts where there is a blank for the date of the commission of the offense, the blank is filled in with "11th". On the reverse side of the blank form there is a title space so arranged as to provide descriptive information when the indictment is folded for envelope style filing. This title section reflects the style and number of the cause as well as the Liber number; a definition of the offense(s), i.e., Robbery with Firearms and Robbery; a certification "A True Bill", signed by the Grand Jury foreman; and the official file mark of the District Clerk of Tarrant County noting that the indictment was filed in Criminal District Court Number Three on November 13, 1973.

There is no showing that any motion to quash or other objection was filed at any time during the original disposition of cause number 89914.

Thus we find an indictment filed in Criminal District Court Number Three of Tarrant County which properly charges the

offense of robbery and which contains an obvious scrivener's error which seems to have misled no one (even to this date) and which supports an apparently valid judgment and sentence in Criminal District Court Number Four of Tarrant County and which is now being subjected to an attempted collateral attack.

In *Ex parte Seymour,* 137 Tex.Cr.R. 103, 128 S.W.2d 46 (Tex.Cr.App.1939) the following language appears:

"We quote from *Ex parte Garcia,* 90 Tex.Cr.R. 287, 234 S.W. 892, 893, as follows: 'When one has been indicted by a legal grand jury and becomes the defendant in a prosecution pending in a court of competent jurisdiction, we believe that he may present every defense known to our law and every right secured to him by such laws to the trial courts and to this court on appeal, or by one of the statutory writs mentioned above. We conclude that, failing to invoke the aid of such courts by one of these methods, he cannot now avail himself of a writ of habeas corpus to test the sufficiency of the indictment. *Ex parte McKay,* 82 Tex.Cr.R. 221, 199 S.W. 637; *Ex parte Drane,* 80 Tex.Cr.R. 543, 191 S.W. 1156.'

"From the opinion in *Drane's* case, supra, it appears that relator there was by a collateral proceeding—habeas corpus—undertaking to attack the State's information upon which conviction was based. This court said [80 Tex.Cr.R. 543, 191 S.W. 1158]: 'If it [the information] in law charged no offense, it would be the duty of this court to discharge the appellant. If, however, it charges an offense, but does so in a defective manner, then this court would not discharge him. Such matters as go to the manner and form of informations are not available on application for writ of habeas corpus, but to be considered if raised by motion or plea in the trial court.' Many authorities are cited in support of the statement.

"In *Ex parte McKay,* 82 Tex.Cr.R. 221, 199 S.W. 637, 641, is found the following statement: 'The rule prevailing in this court seems to be that, when an indictment regularly presented attempts to charge the accused with an offense defined in our Code, a discharge on habeas corpus will not be awarded, however irregularly the offense may be charged.'

"All of the principles stated above find support in *Ex parte Matthews,* 96 Tex. Cr.R. 497, 258 S.W. 477. See also *Ex parte Meadows,* 131 Tex.Cr.R. 592, 100 S.W.2d 702; *Ex parte Hendrix,* 64 Tex. Cr.R. 452, 142 S.W. 570; *Ex parte Helton,* 128 Tex.Cr.R. 112, 79 S.W.2d 139, and cases therein cited.

"If it should be conceded that the averments in the indictment charging relator with previous convictions are imperfectly pleaded, still they are not such as would render his judgment of conviction void under all the authorities cited.

"Believing if there were imperfections in the indictment that relator cannot collaterally attack them by habeas corpus proceeding, it follows that the judgment remanding relator should not be disturbed."

That this is a different type of collateral attack than habeas corpus does not affect the applicability of the law.

The judgment of the court below is affirmed.