

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00281-CR

Felipe Lee **ROSALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR8197
Honorable Ron Rangel, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Irene Rios, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: September 29, 2023

AFFIRMED

In three issues, appellant Felipe Lee Rosales contends the trial court lacked felony jurisdiction to support his conviction for driving while intoxicated. *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2). We affirm the trial court's judgment.

### BACKGROUND

The State indicted Rosales for felony driving while intoxicated in Bexar County based on Rosales's two prior misdemeanor driving while intoxicated convictions, one from Midland County, Cause No. 74950, and one from Travis County, Cause No. 564840. *See id*. §§ 49.04(a),

49.09(b)(2). The indictment also lists two felony habitual enhancement allegations, both felony driving while intoxicated offenses, one from Travis County, Cause No. D-1-DC-09-202799, and one from Comal County, Cause No. CR2015-350. *See id*. § 12.42(a).

Rosales filed a motion to set aside or quash the indictment claiming the State cannot prove the felony jurisdictional element. In the motion, Rosales argues that three of the convictions referenced in the indictment—one of the jurisdictional misdemeanor convictions, Travis County Cause No. 564840, and both of the felony convictions used to enhance Rosales's punishment as a habitual offender—are void. Specifically, Rosales contends the information in Travis County Cause No. 564840 alleges he committed his second driving while intoxicated offense in Travis County while mistakenly referring to his first driving while intoxicated offense as arising out of "Lamesa County," a non-existent Texas county, rather than Midland County.[1] Rosales, therefore, contends he involuntarily pled guilty in Travis County Cause No. 564840 because his guilty plea resulted from the ineffective assistance of counsel when counsel failed to advise him of this mistake in the information. Rosales thus maintains the conviction in Travis County Cause No. 564840 is void and cannot be used to support the felony jurisdiction in this case. Rosales also alleges that because Travis County Cause No. 564840 is a void judgment, Cause No. D-1-DC-09-202799 from Travis County and Cause No. CR2015-350 from Comal County are also void convictions because they too relied on Travis County Cause No. 564840 to establish felony jurisdiction in those two convictions. Consequently, Rosales claims the State cannot use the two felony convictions listed in the indictment here to enhance his punishment to a habitual offender.

---

[1] While the information in Travis County Cause No. 564840 mistakenly refers to "Lamesa County," a non-existent Texas County, as the county Rosales first received a driving while intoxicated conviction, the information also states Rosales was first convicted for this offense on January 30, 1997, that occurred on December 27, 1996, in Cause No. 74950, which is identical to other identifying information from Rosales's first driving while intoxicated offense from Midland County.

The trial court conducted a hearing and denied Rosales's motion to quash the indictment. Subsequently, Rosales pled guilty to felony driving while intoxicated and true to the habitual offender punishment enhancements. The trial court accepted the pleas, adjudicated Rosales guilty, and sentenced him to seven years confinement.[2] *See id.*; *see also id.* § 49.09(b)(2). The trial court granted Rosales permission to appeal his pretrial motion, and Rosales appeals.

## DEFENDANT'S RIGHT TO APPEAL IN PLEA BARGAIN CASE

Initially, we address Rosales's right to appeal. Because Rosales pled guilty to the offense and true to the enhancements, Rosales does not have the unlimited right to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02. The trial court granted Rosales permission to appeal those "matters [that] were raised by written motion filed and ruled on before trial," namely the motion to quash the indictment. *See id.*; *see also* TEX. R. APP. P. 25.2(a)(2)(A). Our review is limited to whether the trial court properly denied Rosales's motion to quash the indictment. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see also Woods v. State*, 108 S.W.3d 314, 316 (Tex. Crim. App. 2003) (informing courts of appeals of their authority to only address appellate issues within the categories set forth in Rule 25.2 of the appellate procedure rules).

## MOTION TO QUASH JURISDICTIONAL ENHANCEMENT – STANDARD OF REVIEW

We review a trial court's ruling on a motion to quash a charging instrument de novo. *State v. Jarreau*, 512 S.W.3d 352, 354 (Tex. Crim. App. 2017); *State v. Caves*, 496 S.W.3d 153, 155 (Tex. App.—San Antonio 2016, pet. ref'd).

In his motion to quash and on appeal, Rosales collaterally attacks as void one of the jurisdictional enhancement convictions in his indictment—Travis County Cause No. 564840.

---

[2] Despite Rosales pleading true to two prior felony convictions, subjecting him to punishment ranging from life, or a term not more than 99 years but not less than twenty-five years, the State proceeded on one prior felony conviction, which only enhanced Rosales's third-degree felony offense to a second-degree felony offense. *See* TEX. PENAL CODE ANN. §§ 12.33, 12.42(a), (d).

Rosales argues Travis County Cause No. 564840 is void because the information references a prior driving while intoxicated conviction in a non-existent Texas county, and he alleges he involuntarily pled guilty in Travis County Cause No. 564840 based on the ineffective assistance of counsel for failing to apprise him of the mistake. A prior conviction alleged for enhancement purposes, including for jurisdictional purposes, may be collaterally attacked if it is void or if it is tainted by a constitutional defect. *Galloway v. State*, 578 S.W.2d 142, 143 (Tex. Crim. App. 1979); *see also Rhodes v. State*, 240 S.W.3d 882, 887 (Tex. Crim. App. 2007). Lesser infirmities in a prior conviction, such as irregularities in the judgment or sentence, may not be raised by a collateral attack, even if they would have resulted in a reversal had they been presented on appeal. *See Galloway*, 578 S.W.2d at 143.

**APPLICABLE LAW**

*A. Jurisdiction Enhancement versus Habitual Offender Enhancement*

The commission of a driving while intoxicated offense under subsection 49.04(b) of the Texas Penal Code is a Class B misdemeanor unless the person has been convicted of two prior driving while intoxicated offenses. TEX. PENAL CODE ANN. §§ 49.04(b), 49.09(b)(2). "The two prior [driving while intoxicated] convictions, whether they are felonies or misdemeanors, [serve to] elevate the misdemeanor [driving while intoxicated] to a third-degree felony." *Ex parte Rodgers*, 598 S.W.3d 262, 271–72 (Tex. Crim. App. 2020) (Walker, J., concurring); *see also* TEX. PENAL CODE ANN. § 49.09(b)(2). These prior convictions are jurisdictional elements because they confer subject matter jurisdiction in the felony district court. *Oliva v. State*, 548 S.W.3d 518, 519 (Tex. Crim. App. 2018).

Section 12.42(a) or (d), on the other hand, provides for habitual offender treatment if it is shown that a felony offender "has previously been finally convicted of a felony other than a state jail felony" or "has previously been finally convicted of two felony offenses" "and the second

previous felony conviction is for an offense that occurs subsequent to the first previous conviction having become final." TEX. PENAL CODE ANN. § 12.42(a), (d). A prior driving while intoxicated conviction can be used for jurisdictional enhancement (under section 49.09) or punishment enhancement (under subchapter D, Chapter 12), but not both. *Id*. § 49.09(g).

### B. *Void Judgments*

Judgments reflecting prior convictions are presumed to be regular; and thus, to collaterally attack a prior conviction and prove the conviction is void and not just voidable, a defendant bears the burden of defeating the presumption of the formal judgment's regularity. *Jones v. State*, 77 S.W.3d 819, 823 n.15 (Tex. Crim. App. 2002); *Crawford v. State*, 595 S.W.3d 792, 797 (Tex. App.—San Antonio 2019, pet. ref'd). A judgment is rarely found to be void, and the most common void judgment is one entered without jurisdiction. *Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001); *see Ex parte Jimenez*, 361 S.W.3d 679, 684 n.7 (Tex. Crim. App. 2012).

The Court of Criminal Appeals listed four situations in *Nix* in which a judgment of conviction in a criminal case can be determined void. 65 S.W.3d at 668. Those four situations include when: (1) the document purporting to be a charging instrument does not satisfy the constitutional requisites of a charging instrument, (2) the trial court lacks subject-matter jurisdiction over the offense charged, (3) the record reflects that there is no evidence (not merely insufficient evidence) to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of the right to counsel for indigent defendants. *Nix*, 65 S.W.3d at 668 & nn.12–15.

A charging instrument must convey sufficient notice to allow the defendant to prepare a defense. *State v. Barbernell*, 257 S.W.3d 248, 250 (Tex. Crim. App. 2008); *see also* TEX. CODE CRIM. PROC. ANN. art. 21.23 ("The rules with respect to allegations in an indictment and the certainty required apply also to an information."). An information must "set forth [the offense] in

plain and intelligible words[.]" TEX. CODE CRIM. PROC. ANN. art. 21.21. It should include everything necessary to be proved. *Id.* arts. 21.03, 21.23. An information is sufficient if it

> charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment[.]

*Id.* arts. 21.11, 21.23.

Generally, if the information gives adequate notice of the alleged criminal conduct, "that ends the inquiry[.]" *Urdiales v. State*, 349 S.W.3d 1, 7 (Tex. App.—San Antonio 2009, pet. ref'd); *see also Seaton v. State*, 564 S.W.2d 721, 726 (Tex. Crim. App. 1978) ("[O]nly if the defect be of such a degree as to charge no offense against the law and thereby be void will an indictment be fundamentally defective[.]"). However, as stated above, an enhancement allegation used to elevate the punishment level during a trial for a criminal offense may be attacked on appeal if the prior conviction serving as the enhancement is void. *See Rhodes*, 240 S.W.3d at 887 (noting that defendant may challenge an enhancement allegation if the prior judgment is void); *see also Ex parte Harrington*, 310 S.W.3d 452, 458-60 (Tex. Crim. App. 2010) (holding trial counsel's assistance ineffective per se when counsel failed to investigate a prior conviction used for enhancement purposes that did not belong to the defendant).

## ANALYSIS

While Rosales presents three variations in attacking the indictment in his case, all three issues pertain to his assertion that the conviction from Travis County Cause No. 564840 is void and cannot be used to support the allegations in the indictment. Therefore, we address the issues together.

The information in Travis County Cause No. 564840 met the constitutional requisites of a charging instrument. The information alleged Rosales committed an offense—driving while

intoxicated in Travis County on August 9, 2000. The information further alleged that Rosales had been previously convicted of driving while intoxicated, which was true. The information states Rosales was previously convicted on January 30, 1997, of driving while intoxicated, under Cause No. 74950 for the offense occurring on December 27, 1996, a conviction Rosales does not challenge. Thus, the information in Travis County Cause No. 564840 accurately reflects Rosales's previous misdemeanor driving while intoxicated conviction in Midland County Cause No. 74950, despite the information inaccurately reflecting the conviction occurred in Lamesa County, a non-existent Texas county.

This mistake is akin to an indictment that referenced a non-existent district court number but properly charged the offense supporting the underlying conviction, as "an obvious scrivener's error which seems to have misled no one (even to this date) and which supports an apparently valid judgment and sentence[.]" *Johnson v. State*, 645 S.W.2d 921, 921–22 (Tex. App.—Fort Worth 1983, no pet.); *see also Preston v. State*, 667 S.W.2d 331, 334 (Tex. App.—Corpus Christi–Edinburg 1984, no pet.) (noting if an indictment properly alleges an offense and is not an otherwise fundamentally defective charging instrument, the conviction is not void, but rather, it is a judgment and sentence susceptible to reformation); *Sumpter v. State*, No. 14-95-00942-CR, 1996 WL 198252, at *1–2 (Tex. App.—Houston [14th Dist.] Apr. 25, 1996, no pet.) (not designated for publication) (concluding that alleged clerical error in the judgment identified by appellant—the date of the offense—did not render void prior conviction serving as enhancement allegation).

Likewise, we reject Rosales's contention that the information's reference to the wrong county in Travis County Cause No. 564840 that clearly refers to Rosales's first driving while intoxicated conviction from Midland County rendered that judgment and conviction void. The Travis County information provided Rosales with sufficient notice of the charged offense—his second driving while intoxicated offense, enhanced by his first driving while intoxicated

conviction from Midland County. *See Barbernell*, 257 S.W.3d at 250; *see also* TEX. CODE CRIM. PROC. ANN. arts. 21.11, 21.23

The trial court properly denied Rosales's motion to quash the indictment because the information in Travis County Cause No. 564840 was not a fundamentally defective information rendering the conviction void. *See Galloway*, 578 S.W.2d at 143; *see also Rhodes*, 240 S.W.3d at 887. To elevate the underlying offense in this case to a felony driving while intoxicated offense, the State could use the misdemeanor driving while intoxicated conviction from Travis County Cause No. 564840. *See* TEX. PENAL CODE ANN. §§ 49.04(b), 49.09(b)(2).

Furthermore, we are not persuaded by Rosales's argument that his counsel's failure to apprise him of the clerical error in the information rendered him ineffective assistance of counsel per se causing him to involuntarily plead guilty to his second driving while intoxication offense in Travis County Cause No. 564840. Unlike the defendant in *Ex parte Harrington*, whose counsel failed to investigate the prior conviction used for enhancement purposes and discover that it did not belong to Harrington, the mistake here was clerical and did not mislead Rosales. 310 S.W.3d at 458-60; *but see State v. Garcia*, No. 13-15-00235-CR, 2016 WL 2854255, at *4 (Tex. App.—Corpus Christi–Edinburg May 12, 2016, pet. ref'd) (mem. op., not designated for publication) (agreeing with the State's contention that had defendant objected to the indictment at or before any of the pretrial hearings, "the State would have been able to amend the indictment to correct what it acknowledges was a 'scrivener's error'"). The Midland County Cause No. 74950 conviction is valid. It was Rosales's first driving while intoxicated offense. The information in Rosales's second driving while intoxicated offense, Travis County Cause No. 564840, sufficiently apprised Rosales of his first conviction.

Because we do not conclude that Travis County Cause No. 564840 is a void conviction, we further conclude the two felony driving while intoxicated offenses, one from Travis County,

Cause No. D-1-DC-09-202799, and one from Comal County, Cause No. CR2015-350, were not rendered void either. Therefore, either of these felony convictions could also be used to enhance Rosales's punishment from a third-degree felony to a second-degree felony offense. *See* TEX. PENAL CODE ANN. § 12.42(a).

## CONCLUSION

We overrule Rosales's issues on appeal. Accordingly, we affirm the trial court's final judgment.

Irene Rios, Justice

Do not publish